```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EDWARD BROWN,

                        Plaintiff,         MEMORANDUM & ORDER
                                            17-CV-2561(JS)(ARL)
        -against-

SPRINT CORPORATE SECURITY SPECIALIST,
WENDY KLANG, and DANIELLE WHITMER,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:       Edward Brown, pro se
                     14-A-4702
                     Green Haven Correctional Facility
                     P.O. Box 4000
                     Stormville, New York 12582

For Defendants
Sprint & Whitmer:    Frank Thomas Spano, Esq.
                     Polsinelli PC
                     600 Third Avenue
                     New York, New York 10016

For Defendant
Klang:               Laurel R. Kretzing, Esq.
                     Office of the Nassau County Attorney
                     1 West Street
                     Mineola, New York 11501
```

SEYBERT, District Judge:

        Before the Court in this 42 U.S.C. § 1983 ("Section 1983") action are motions to dismiss from Defendants Sprint Corporation (sued herein as Sprint Corporate Security Subpoena Specialist) ("Sprint") and Danielle Whitmer ("Whitmer," and together with Sprint, the "Sprint Defendants") (Sprint Defs.'

1

Mot., D.E. 24) and Defendant Wendy Klang ("Klang," and collectively, "Defendants") (Klang Mot. D.E. 34). For the following reasons, Defendants' motions are GRANTED.

BACKGROUND

Pro se Plaintiff Edward Brown commenced this action in April 2017, alleging that between December 20 and December 31, 2012, "a woman named Wendy Klang wrote a letter to [his] cell phone carrier Sprint requesting copies of [his] phone records without a court order or a subpoena, or warrant." (Compl., D.E. 2, at 3-4.)[1],[2] He further contends that "Sprint Corporate Security Officer Danielle Whitmer granted her request and sent [his] records to a third party." (Compl. at 4.) In his 2014 Notice of Claim, attached to the Complaint as an exhibit, Plaintiff indicated that Sprint had "giv[en his] phone records out without getting an authorized court-ordered subpoena first." (Compl. at 11.) Plaintiff seeks five million dollars in damages. (Compl. at 5.)

The Sprint Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of their motion, the Sprint Defendants rely upon documents outside the Complaint and thus seek to convert their

---

[1] Though Plaintiff's April 5, 2017 Complaint has 32 unnumbered pages on ECF, many of the pages and exhibits are duplicates. The Complaint appears to be 8 pages with 3 pages of exhibits.

[2] The Court will use the page numbers generated by the ECF System when referring to documents filed by Plaintiff.

2

motion pursuant to Rule 12(d) to one for summary judgment under Rule 56. (Sprint Defs.' Mot.; Sprint Defs.' Br., D.E. 25, at 1.) Specifically, the Sprint Defendants rely upon an affidavit from Calli Keep, a custodian of Sprint's records, (Calli Aff., D.E. 27), and a copy of a grand jury subpoena ("the Subpoena") from the Nassau County District Attorney's Office (Spano Aff., D.E. 26, and Subpoena, Ex. 1, D.E. 26 at 2-4). Essentially, the Sprint Defendants argue that, contrary to the allegations in Plaintiff's Complaint, they released his phone records to the District Attorney's Office in response to the Subpoena. (Sprint Defs.' Br. at 1.)

Klang, a Nassau County Assistant District Attorney, also submitted a motion to dismiss the Complaint for failure to state a claim. She also seeks conversion. (Klang Mot.; Klang Decl., D.E. 35; Klang Br., D.E. 36.) She argues that (1) Plaintiff had no reasonable expectation of privacy in the cell phone subscriber information, (Klang Br. at 6-9); (2) Plaintiff's claims are time-barred under the Stored Communications Act ("SCA") (18 U.S.C. § 2701, et seq.) (Klang Br. at 4-6); and (3) she is shielded by qualified immunity for any actions taken in furtherance of an investigation (Klang Br. at 9-10).

Plaintiff then filed two responses to the motions to dismiss. (Pl.'s Opp. 1, D.E. 37; Pl.'s Opp. 2, D.E. 39.) Plaintiff notes that this Court is required to construe his pleadings

3

liberally and states that the Subpoena was not signed by a judge. (Pl.'s Opp. 1 at 3-4.) He appears to argue that the Subpoena was Rosario material that was never disclosed to him. He arguably seeks to amend his Complaint to include a Rosario claim. (Pl.'s Opp. 2 at 2.) He also states that under Carpenter v. United States (138 S. Ct. 2206, 201 L. Ed 2d 507 (2018)), a recent Supreme Court decision, "the government acquisition of cell site records was a Fourth Amendment search [and] a warrant is required." (Pl.'s Opp. 2 at 3.)

Klang replied, arguing that Carpenter pertains only to cell site records that track a person's location, "information that is not at issue in this case." (Klang Reply, D.E. 40, at 1.) Klang also contends that to the extent Plaintiff seeks to amend his Complaint to include Rosario claims, he should not be permitted to because he has not provided sufficient detail. (Klang Reply at 4-5.)

Plaintiff then filed another response, arguing that he had never received a copy of the Subpoena during his underlying criminal trial. Further, he notes there is no "grand jury for[ema]n signature and stating probable cause for the [S]ubpoena." (Pl.'s Reply, D.E. 41, at 2-3.) He states that his "appellate attorney is making a 440 motion on the grounds of a Rosario violation." (Pl.'s Reply at 3.)

4

DISCUSSION

I.  Rule 12(d) Conversion

Under Rule 12(d), where "matters outside the pleadings are presented to and not excluded by the court, [a] motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(d). "In other words, if parties submit extrinsic evidence, the court has two options: (1) it may exclude such evidence and decide the motion on the complaint alone or (2) convert the motion to one for summary judgment and consider the extrinsic evidence." Vailette v. Lindsay, 11-CV-3610, 2014 WL 4101513, at *7 (E.D.N.Y. Aug. 18, 2014).

"Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment; this discretion generally will be exercised on the basis of the district court's determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." Stephens v. Bayview Nursing & Rehab. Ctr., No. 07-CV-596, 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008) (internal quotation marks and citation omitted).

Here, Defendants have submitted documentary proof that the allegations in Plaintiff's Complaint are not true. Plaintiff alleged that Sprint provided his cell phone records to the District Attorney's Office without a subpoena; the Subpoena and affidavit from Sprint's custodian of records conclusively establish that Sprint only released them in response to a grand jury subpoena from the Nassau County District Attorney's Office. Thus, these external documents are "likely to facilitate the disposition of [this] action." Stephens, 2008 WL 728896 at *2 (internal quotation marks and citations omitted). Further, the Court notes that with each motion, Defendants have provided Plaintiff with adequate notice under Local Civil Rule 12.1, which requires that notice be given to pro se plaintiffs when a represented party moves to dismiss the complaint and refers to matters outside the pleadings. The notice here includes the full text of Federal Rule of Civil Procedure Rule 56, as Local Civil Rule 12.1 requires. (See Klang Mot.; Sprint Defs.' Notice, D.E. 30.) These notices were effective, as Plaintiff responded to Defendants' documents and arguments in his replies.

The Court also notes that Plaintiff has attached exhibits to his Complaint and made further allegations and arguments in his additional papers. "In general, 'a court may not look outside the pleadings on a Rule 12(b)(6) motion to dismiss. However, the mandate to read the papers of pro se litigants

6

generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum.'" Burgess v. Goord, No. 98-CV-2077, 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) (quoting Gadson v. Goord, 96-CV-7544, 1997 WL 714878, at *1, n.w (S.D.N.Y. Nov. 17, 1997). Thus, the Court finds it appropriate to consider the additional documents submitted by all parties and convert the motions to Rule 56 motions for summary judgment.

II. Rule 56 Summary Judgment

Summary judgment will be granted where the movant demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine factual issue exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed 2d 202 (1986). The movant bears the burden of establishing that there are no genuine issues of material fact. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). Once the movant makes such a showing, the non-movant must proffer specific facts demonstrating "a genuine issue for trial." Giglio v. Buonnadonna Shoprite LLC, No. 06-CV-5191, 2009 WL 3150431, at *4 (E.D.N.Y. Sept. 25, 2009) (internal quotation marks and citation omitted). Conclusory allegations or denials will not defeat summary judgment. Id. In reviewing the summary judgment record, "'the

7

court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" Sheet Metal Workers' Nat'l Pension Fund v. Vadaris Tech. Inc., No. 13-CV-5286, 2015 WL 6449420, at *2 (E.D.N.Y. Oct. 23, 2015) (quoting McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997)). "When a pro se party opposes summary judgment, 'although the same standards for dismissal apply, a court should give the pro se litigant special latitude.'" Minima v. N.Y. City Emps.' Retirement Sys., 11-CV-2191, 2012 WL 4049822, *4 (E.D.N.Y. Aug. 17, 2012) (quoting Ibeawuchi v. United States, 209 F.R.D. 320, 321-22 (S.D.N.Y.2002)); see also Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("A complaint filed by a pro se litigant is to be construed liberally and however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted).

Even giving Plaintiff special latitude, for the following reasons, the Court finds that Defendants have established their entitlement to summary judgment dismissing the Complaint.

III. Plaintiff's Claims

Plaintiff brings his claims under Section 1983, and his papers indicate that he alleges a Fourth Amendment violation and a Rosario violation. To establish a Section 1983 claim, a

8

plaintiff must demonstrate that the defendant violated a "right, privilege, or immunity secured by the Constitution or laws of the United States . . . by a person acting under the color of state law." Charles v. Cty. of Orange, N.Y., No. 16-CV-5527, 2017 WL 4402576, at *6 (S.D.N.Y. Sept. 29, 2017); 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" Nasca v. Cty. of Suffolk, 933 F. Supp. 2d 437, 442 (E.D.N.Y. 2013) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979)).

  A. Fourth Amendment Violation

  In reviewing the Complaint and Notice of Claim, it is clear that when Plaintiff commenced this action, he believed that Sprint disclosed his phone records without a subpoena of any kind. (See Compl. at 3-4, 11.) When he received a copy of the Subpoena with Defendants' moving papers, he changed course and argued that (1) the Subpoena was not sufficient, because a warrant was required; and (2) the Subpoena was Rosario material that should have been disclosed to him during trial. (See generally Pl.'s Opp. 1 and Opp. 2.) Because Plaintiff now concedes that the information was disclosed pursuant to a subpoena, the Court will not devote time to the mistaken assumption in his original

9

Complaint that the Sprint Defendants released the records without one.

Next, Plaintiff's cursory argument that Carpenter requires a warrant for cell site records is unavailing because he has not alleged that the material at issue included cell site records. As Carpenter explained, "historical cell phone records [ ] provide a comprehensive chronicle of the user's past movements" (138 S. Ct. at 2211) and involve the intersection of "a person's expectation of privacy in his physical location and movements" (id. at 2215) with his lack of "expectation of privacy in information he voluntarily turns over to third parties" (id. at 2216). In determining that cell site records were subject to Fourth Amendment warrant protection, the majority noted that its holding that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI [cell site location information]" (id. at 2217) was "a narrow one" (id. at 2220). Thus, under Carpenter, no warrant was required here.

Carpenter focuses on the intrusion of tracking a person's physical movements, which Plaintiff does not allege is at issue here. Further, the majority "certainly [did] not . . . say that all orders compelling the production of documents will require a showing of probable cause. The Government will be able to use

10

subpoenas to acquire records in the overwhelming majority of investigations." Id. at 2222.

>Here, the Subpoena requested
>
>> For the period November 1, 2012 to December 31, 2012, (1) any and all subscriber and billing information, to include subscriber's Social Security number; and (2) call detail records for the following cellphone number(s): 516-472-1312.

(Spano Aff. and Subpoena, Ex. 1.) The Subpoena did not seek cell site information, and Plaintiff has made no allegations that cell site information was ultimately involved. He does not state that Defendants ended up with location information that tracked his movements. "Basic subscriber data . . . enjoy[s] no privacy protection because the data is incidental to the use of the telephone, and contains no content information." United States v. Davis, No. 10-339-HA, 2011 WL 2036463, at *3 (D. Oregon May 24, 2011).

Even if Carpenter could be so expansively read as to cover the material at issue here, "the touchstone of the Fourth Amendment is reasonableness." Ohio v. Robinette, 519 U.S. 33, 39, 117 S. Ct. 417, 421, 135 L. Ed. 2d 347, (1996) (internal quotation marks and citation omitted). At the time the Subpoena was issued and the information was given to the District Attorney, Carpenter had not yet been decided. It was thus perfectly reasonable for Defendants to use the Subpoena. See United States v. Zodhiates,

901 F.3d 137, 141, 143-44 (2d Cir. 2018) (in the suppression context, applying the good faith exception to the exclusionary rule and holding that the government properly used a subpoena to obtain phone records disclosing "service location[s]" that "showed the general vicinity of [a] cell phone when [a] call was made or received" because it complied with pre-Carpenter precedent).

Although Plaintiff does not address it in his papers, the SCA governs the release of electronic records, such as the phone records here. It provides that

> A provider of electronic communication service or remote computing service shall disclose to a governmental entity the (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number), of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grant jury or trial subpoena[.][3]

---

[3] Under the New York State Criminal Procedure Law, a "'subpoena" includes a 'subpoena duces tecum.' A subpoena duces tecum is a subpoena requiring the witness to bring with him and produce specified physical evidence." N.Y. Crim. Proc. Law § 610.10(3). Further, "[a] district attorney, or other prosecutor where appropriate, as an officer of a criminal court in which he is conducting the prosecution of a criminal action or proceeding, may issue a subpoena of such court, subscribed by himself, for the attendance in such court or a grand jury thereof of any

12

18 U.S.C. § 2703(c)(2). Section 2703(c)(3) does not require notice to the customer. Further, "[a] good faith reliance on . . . a grand jury subpoena . . . is a complete defense to any civil . . . action brought under [the SCA] or any other law." 18 U.S.C. § 2707(e). Under the SCA, Defendants properly used a grand jury subpoena for the information. The Sprint Defendants additionally relied in good faith upon the Subpoena, giving them "a complete defense" to the action. 18 U.S.C. § 2707(e).

Further, as to Klang, although "[p]rosecutors generally enjoy absolute immunity from liability in suits seeking damages for acts carried out in their prosecutorial capacities" (Williams v. District Attorney of Queens County, No. 16-CV-2978, 2016 WL 3962976, at *1 (E.D.N.Y. July 21, 2016), only "qualified immunity attaches 'when a prosecutor performs the investigative functions normally performed by a detective or police officer,' such as 'searching for the clues and corroboration that might give probable cause.'" O'Neal v. Morales, 679 F. App'x 16, 18 (2d. Cir. 2017) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2616, 125 L.Ed.2d 209 (1993)); see also Rodrigues v. City of N.Y., 193 A.D.2d 79, 85, 602 N.Y.S.2d 337, 341 (1993) (prosecutor's issuance of grand jury subpoenas is investigative). "This immunity

---

witness whom the people are entitled to call in such action or proceeding." Id. § 610.20(2).

law applies to . . . actions under section 1983." O'Connell v. United States, No. 15-CV-6512, 2017 WL 3701856, at *2 (E.D.N.Y. Aug. 25, 2017).

Qualified immunity protects government officials from civil liability "as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" and "therefore only applies if the official action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." Morse v. Fusto, 804 F.3d 538, 550 (2d Cir. 2015) (internal quotation marks and citations omitted). Here, the Court finds that Klang's investigative actions relating to the Subpoena were objectively legally reasonable and did not violate clearly established statutory or constitutional rights, and she is thus entitled to qualified immunity.

Alternatively, a civil action under the SCA must be commenced no "later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). Plaintiff filed his Notice of Claim for "giving phone records out without getting an authorized court ordered subpoena first" on August 26, 2014. (Compl. at 11.) He did not commence this action until April 5, 2017. If construed under the SCA, his claims are time-barred.

B. Rosario Claim

Next, even treating Plaintiff's replies as a hybrid opposition to the motions to dismiss and proposed amended complaint, see Minima, 2012 WL 4049822, at *1 n.3 ("treat[ing] the filing as such because of plaintiff's pro se status"), the amended complaint fails to make out a cognizable Rosario violation. "The Rosario[4] discovery rule requires the government to provide defense counsel with any pre-trial written or recorded statements made by a government witness concerning that witness's testimony in court." Bogan v. Bradt, 11-CV-1550, 2014 WL 12714530, *3 (E.D.N.Y. Nov. 12, 2014). The Subpoena simply directs Sprint to provide subscriber and billing information and call detail records for a designated phone number, and is signed by an Assistant District Attorney. Plaintiff has not alleged that there are any statements in the Subpoena which could have been reasonably testified to. See People v. Potter, 30 A.D.3d 313, 315, 818 N.Y.S.2d 54, 56 (2006) ("There is no evidence in the record that a subpoena issued by the People constituted Rosario material") (generally citing Rosario).

Moreover, "[t]he Rosario rule is grounded in the State's common law. Although it is generally considered to be New York's

---

[4] New York established the rule in People v. Rosario, 9 N.Y.2d 286, 173 N.E.2d 881, 213 N.Y.S.2d 448 (1961), cert. denied 368 U.S. 866, 82 S. Ct. 117, 7 L. Ed. 2d 64 (1961).

15

counterpart to a federal rule based on Jencks v. United States, 353 U.S. 657, 77 S. Ct. 1007, 1 L. Ed. 2d 1103 (1957), see 18 U.S.C. § 3500, the Jencks rule has not been construed as constitutional in nature." Morrison v. McClellan, 903 F. Supp. 428, 429 (E.D.N.Y. 1995) (internal quotation marks and citations omitted). Plaintiff has not demonstrated how the alleged Rosario violation rises to a federal constitutional dimension giving rise to a valid Section 1983 claim. Indeed, he states that he is pursuing the claim in a state court Criminal Procedure Law Section 440 action.

Although generally "district courts should afford pro se plaintiffs permission to amend their complaints at least once where a liberal reading of the complaint suggests the existence of a colorable claim," Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003), the Court does not find that a liberal reading of Plaintiff's papers suggests a colorable claim here (see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile."). Any amendments to Plaintiff's claims that the release of his phone records with the Subpoena violated his Fourth Amendment rights and that the Subpoena was Rosario material would be futile. Thus, the Complaint is dismissed with prejudice.

16

## CONCLUSION

For the foregoing reasons, Defendants' motions (Docket Entries 24 and 34) are GRANTED in their entirety. The Complaint is DISMISSED without leave to amend. Within three days of the filing of this Order, Defendants are directed to mail a copy of this Order to the pro se Plaintiff and file proof of service on ECF. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  31 , 2019
        Central Islip, New York